# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MICHAEL S. CARROLL, | DOCKET NUMBER |
| Appellant, | DA-0845-19-0185-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: February 15, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael S. Carroll, Plano, Texas, pro se.

Linnette Scott and Tiffany Slade, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The Office of Personnel Management (OPM) has filed a petition for review of the initial decision, which reversed its final decision to rescind its approval of the appellant's application for a Federal Employees' Retirement System (FERS) disability retirement annuity. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the effect of the appellant's reemployment on his eligibility for a disability retirement annuity, we AFFIRM the initial decision.

## BACKGROUND

The following facts are undisputed. The appellant was a CG-09 Compliance Examiner for the Federal Deposit Insurance Corporation (FDIC), covered under FERS. Initial Appeal File (IAF), Tab 8 at 35. On February 20, 2015, the FDIC removed him for performance reasons. *Id*. On or about February 19, 2016, the appellant filed an application for a disability retirement annuity. IAF, Tab 9 at 2. While his disability retirement application was still pending, on May 15, 2016, the appellant resumed Federal service with the Social Security Administration (SSA). *Id*. On April 19, 2017, OPM granted the appellant's disability retirement application. *Id*. On June 28, 2017, the appellant resigned from his position with the SSA. *Id*. On July 17, 2017, OPM received an Individual Retirement Record from the SSA, apparently learning for the first time of the appellant's reemployment with that agency. IAF, Tab 8 at 5, 40-47.

On June 25, 2018, OPM issued an initial decision rescinding its approval of the appellant's disability retirement application based on the appellant's

reemployment with the SSA.[2]  IAF, Tab 8 at 24-26.  OPM reasoned that the appellant's reemployment constituted a voluntary withdrawal of his application.  *Id*. at 24.  The appellant requested reconsideration, and on January 30, 2019, OPM issued a final decision affirming the initial decision.  *Id*. at 9-16.  In its final decision, OPM reasoned that the appellant's disability retirement application was not made from the position of his "current employment" with SSA.  *Id*. at 9.

The appellant filed a Board appeal, challenging the merits of OPM's final decision.  IAF, Tabs 1, 9.  He waived his right to a hearing.  IAF, Tab 12.  After the close of the record, the administrative judge issued an initial decision reversing OPM's final decision.  IAF, Tab 15, Initial Decision (ID).  He found that OPM's regulations at 5 C.F.R. § 844.203(c)(2) prescribe a specific set of circumstances in which OPM is permitted to rescind a decision allowing an application for FERS disability retirement, and that those circumstances were not present in the instant appeal.  ID at 4-6.

OPM has filed a petition for review, disputing the administrative judge's legal analysis.  Petition for Review (PFR) File, Tab 1.  The appellant has filed a response.  PFR File, Tab 5.

## ANALYSIS

An employee who completes at least 18 months of civilian service creditable under FERS and becomes disabled shall, upon application to OPM, be granted a disability retirement annuity.  5 U.S.C. § 8451(a)(1)(A); *see generally* 5 C.F.R. part 844, subpart B.  In making its decision, OPM will review the disability retirement application and its supporting documentation to determine whether the applicant meets the eligibility criteria of 5 C.F.R. § 844.103.

---

[2] Prior to that rescission, OPM took an overpayment action against the appellant's annuity.  The appellant filed a Board appeal, OPM rescinded its decision, and the administrative judge dismissed the appeal for lack of jurisdiction.  *Carroll v. Office of Personnel Management*, MSPB Docket No. DA-0845-18-0317-I-1, Initial Decision (June 21, 2018).

5 C.F.R. § 844.203(c)(1). OPM's authority to rescind a decision granting FERS disability retirement is limited as follows:

> OPM may rescind a decision to allow an application for disability retirement at any time if OPM determines that the original decision was erroneous due to fraud, misstatement of fact, or upon the acquisition of additional medical or other documentation.

5 C.F.R. § 844.203(c)(2).

In this case, the administrative judge found that the appellant did not make any misstatements of fact or commit fraud upon which OPM relied in granting the disability annuity, and that OPM did not obtain new medical information that called into question its original decision. ID at 5 & n.6. Based on this, he concluded that none of the regulatory criteria for rescinding the decision had been met. ID at 5-6. On petition for review, OPM argues that its decision was based on a regulatory reason that the administrative judge did not address, i.e., the receipt of "other documentation" pertaining to the appellant's employment with the SSA. PFR File, Tab 1 at 7-8, 12-14. Because the administrative judge did not address this issue, we address it here.

We agree with OPM that its rescission was based on the acquisition of additional documentation related to the appellant's employment with the SSA. PFR File, Tab 1 at 12-14. Therefore, this case is unlike *Cerone v. Office of Personnel Management*, 85 M.S.P.R. 380, ¶¶ 5-7 (2000), and *Longoria v. Office of Personnel Management*, 78 M.S.P.R. 242, 244-45 (1998), in which OPM's rescission was based solely on its re-evaluation of extant documentation. Nevertheless, for the following reasons, we are not persuaded that this new information supports OPM's conclusion that its initial award of disability retirement was in error.

First, OPM argues that, when it processed the appellant's disability retirement application, it "was not aware that the appellant could continue to work because he applied and accepted a position with SSA after he resigned from FDIC . . . while waiting for OPM's decision from the FDIC position." PFR File,

Tab 1 at 7. We construe this as an argument that the appellant's employment with the SSA constituted evidence that he was not, in fact, disabled from employment in his FDIC position, or that he had actually recovered within 1 year of the date of his application. *Cf.* 5 C.F.R. § 844.103(a)(3) (making eligibility for disability retirement contingent on the disability persisting for at least 1 year from the date of application). OPM's regulations address this precise situation:

> Reemployment by an agency at any time before age 60 is evidence of recovery if the reemployment is under an appointment not limited to a year or less, at the same or higher grade or pay level as the position from which the disability annuitant retired.

5 C.F.R. § 844.401(d). It is undisputed that the appellant's employment with the SSA was at a lower pay level than his employment with the FDIC. IAF, Tab 8 at 41-42. We therefore find that the appellant's reemployment with the SSA did not constitute evidence of recovery, and that it does not otherwise tend to show that the appellant was not disabled from performing useful and efficient service as a CG-09 Compliance Examiner.

Second, OPM argues that it erred in granting the appellant's disability retirement application because it did not evaluate his application in light of his "current" position with the SSA but instead evaluated it in light of his prior position with the FDIC. PFR File, Tab 1 at 5-9. Under 5 C.F.R. § 844.102, "disability" means "inability, because of disease or injury to render useful and efficient service in the employee's current position." The question, therefore, is whether the appellant's "current" position was his position with the FDIC or his position with the SSA. For the following reasons, we find that it was the former.

As a general rule, the Board must defer to an agency's interpretations of the regulations it promulgates, as long as the regulation is ambiguous and the agency's interpretation is neither plainly erroneous nor inconsistent with the regulation. *Gose v. U.S. Postal Service*, 451 F.3d 831, 836 (Fed. Cir. 2006). Such deference is warranted, however, only when the regulation at issue remains genuinely ambiguous even after all the traditional tools of construction are

applied. *Kisor v. Wilkie*, 139 S. Ct. 2400, 2415 (2019). In construing a regulation, the Board will consider its plain language, the common meaning of the terms, and the text of the regulation both as a whole and in the context of its surrounding sections. *Aqua Products, Inc. v. Matal*, 872 F.3d 1290, 1316 (Fed. Cir. 2017).

In this case, OPM interprets the term "current position" in its FERS disability retirement regulations to mean the last position held prior to its decision on a disability retirement application. OPM does not explain why it interprets the term this way, and the regulations do not expressly define it. However, reading the definition of "disability" in 5 C.F.R. § 844.102 together with condition of eligibility set forth in 5 C.F.R. § 844.103(a)(2), it is clear to us that "current position" in this context means the position that the applicant held when he became disabled. Because the appellant became disabled during his employment with the FDIC, we find that CG-09 Compliance Examiner is his "current position" for purposes of disability retirement.

In addition, we observe as a practical matter that a disability retirement application must be based on a position that the applicant has already held or is currently holding and not on some position that he might hold in the future. Therefore, the term "current position" can only refer to a position held during or prior to the date of the application. As OPM tacitly acknowledges on review, its interpretation would require that the appellant's application for disability retirement from the FDIC be nullified and replaced with a new disability retirement application from the SSA. PFR File, Tab 1 at 3. However, OPM's regulations do not authorize it to unilaterally nullify a disability retirement application for any reason, much less when the application establishes the literal eligibility requirements of 5 C.F.R. § 844.103.

Furthermore, we observe that OPM's regulations contemplate that a disability retirement annuitant may secure subsequent Federal employment while he is still receiving his annuity. 5 C.F.R. §§ 844.401(d), 844.402(a). The

disability annuity may then terminate, but only if certain criteria are met, and even then, it may not terminate immediately. *Id*. OPM has not explained why Federal reemployment during the pendency of a disability retirement application should serve to void the application *ab initio* and Federal reemployment after the application is granted should not. We cannot discern any reason to make such a distinction, but we can discern several reasons not to do so.

First, the regulations themselves make no such distinction. Second, the starting point for computing a disability retirement annuity is the annuitant's average pay. 5 C.F.R. § 844.301(b)-(c). Therefore, OPM's insistence that the appellant's disability retirement application be based on his subsequent separation from a lower-paid position would deprive him of a benefit that the FERS disability retirement regulations were meant to protect. Third, a disability retirement annuity will generally commence on the day after the employee separates. 5 C.F.R. § 844.301. Regardless of how long OPM's adjudication takes, the annuitant will eventually receive an annuity retroactive to his date of separation. *See Widmer v. Office of Personnel Management*, 103 M.S.P.R. 363, ¶ 10 (2006). Therefore, OPM's insistence that the appellant's disability retirement be based on his separation from the position in which he was reemployed stands to deprive him of well over 2 years' worth of disability retirement annuity, again depriving him of a benefit that the regulations were meant to protect. Fourth, an employing agency's offer of accommodation at the same grade or pay precludes disability retirement, but an offer of reassignment to a position at a lower grade or pay level does not. *Bell v. Office of Personnel Management*, 99 M.S.P.R. 133, ¶ 15 (2005); *see* 5 C.F.R. §§ 844.102, 844.103(a)(5). We see no reason that the appellant's reemployment at the SSA in a lower-paid position should preclude his disability retirement any more than would a comparable offer of reassignment by the FDIC. Fifth, we find that OPM's interpretation would make an individual's disability retirement rights partially contingent on the amount of time that it takes OPM to process his

application, i.e., contingent on whether OPM finishes processing his application before or after he secures reemployment. The Board has found in an analogous context that disciplinary suspensions contingent on the amount of time that it takes to complete the grievance process are arbitrary on their face. *Milligan v. U.S. Postal Service,* 106 M.S.P.R. 414, ¶ 13 (2007). We decline to interpret OPM's regulations so as to introduce an element of arbitrariness into the FERS disability retirement process.

Considering OPM's FERS disability retirement regulations as a whole, according to their plain language and in light of their overall purpose, we find that there is no genuine ambiguity with respect to the term " current position." We find that the appellant properly applied for disability retirement from his CG-09 Compliance Examiner position with the FDIC, and that OPM erred in rescinding its approval of that application based on the appellant's reemployment at the SSA. The appellant's February 19, 2016 disability retirement application was based on his then-current position of CG-09 Compliance Examiner and, as OPM concluded, established his eligibility for disability retirement from that position. The appellant's subsequent reemployment with the SSA has no bearing on whether he met the eligibility requirements of 5 C.F.R. § 844.103 with respect to the position of Compliance Examiner.

In further support of our conclusion, we observe, as did the administrative judge, that OPM's regulations provide other more appropriate methods for addressing this particular situation. ID at 4 & nn.4-5. Specifically, reemployment by the Federal Government may be grounds for terminating a disability annuity under 5 C.F.R. part 844, subpart D.[3] Unlike OPM's attempted

---

[3] OPM has not issued a final decision, or even an initial decision, on whether the appellant's reemployment with the SSA satisfied the regulatory criteria to terminate the disability retirement annuity that should have commenced upon his separation from the FDIC. We therefore lack jurisdiction to make any findings on this matter. *See Daniel v. Office of Personnel Management*, 43 M.S.P.R. 599, 603 (1990); *see also* 5 U.S.C. § 1205(g) (prohibiting the Board from issuing advisory opinions). We note, however, that the record in the instant appeal seems to show that the appellant's rate of pay in the SSA position was less than 80% of his rate of pay in the FDIC position. IAF, Tab 8

rescission action, the provisions of this subpart are tailored to address the situation at hand, to do so in a way that would protect the disability benefits that the appellant accrued prior to his reemployment, and to offer the possibility of a reinstatement of benefits should the appellant's disability recur or his earning capacity again decrease.

## ORDER

We ORDER OPM to cancel the rescission of the appellant's disability retirement annuity and to restore the appellant's annuity effective retroactively to the date of the rescission. OPM must accomplish this action within 45 days from the date of this Order.

We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reason why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).

---

at 40-41; *cf.* 5 C.F.R. §§ 844.401(d) (providing for termination of a disability annuity based on Federal reemployment at the same or higher grade or pay level), 844.402(a) (providing for termination of a disability annuity when the annuitant's income reaches 80% of his former wages).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS[4]**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                   _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.